UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| HALLIE BROOKS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. # 1:18-cv-_____    1:18-cv-99-LO/TCB |
| | ) |
| WAY OF INK, LLC, | ) |
| 7700 Backlick Road | ) |
| Springfield, V 22150 | ) |
| Delaplane, VA 20144 | ) |
| | ) |
| Serve: Cindy Truong, Registered Agent | ) |
|        3 Groveland Heights | ) |
|        Springfield, VA 22153 | ) |
| | ) |
| and | ) |
| | ) |
| DUONG NGUYEN | ) |
| Way of Ink, LLC | ) |
| 7700 Backlick Road | ) |
| Springfield, VA 22150, | ) |
| | ) |
|     Defendants. | ) |

COMPLAINT

Preliminary And Jurisdictional Statement

1. Hallie Brooks is a young adult who was interested in becoming a licensed tattoo artist. She sought to obtain the requisite 1500 hours of apprenticeship training required by Virginia law to sit for the licensing examination for tattoo professionals. Duong Nguyen, the owner and sole proprietor of Way Of Ink, L.L.C. ("Way of Ink"), agreed to be Hallie's apprentice supervisor at his tattoo parlor Way of Ink, ostensibly pursuant to applicable state protocols governing such work, which could lawfully be uncompensated financially. Hallie worked at Way Of Ink for

eleven months without receiving any monetary compensation.  However, she did not receive any apprenticeship training or supervision of consequence either.  She now brings suit against Way Of Ink and Mr. Nguyen under the Fair Labor Standards Act (FLSA) for the work she performed without being paid.  This court has jurisdiction over her federal claim under 28 U.S.C. §1331.  She also brings a state law claim of fraud arising out of the same nucleus of operative facts as her federal claim, over which this court has supplemental jurisdiction under 28 U.S.C. §1367.

### Parties

2.  Hallie Brooks is a 23-year-old resident of Burke, Virginia.  While a capable and artistic young woman, Hallie also has seizure disorder, chronic depression and related mental health issues, all visibly rendering her a poor advocate for herself, and someone who relies heavily on the assistance, support and fairness of others.

3.  Way Of Ink is a Virginia corporation that runs a tattoo parlor of the same name located at 7700 Backlick Road in Springfield, Virginia.  Way Of Ink is Hallie's former employer and an "enterprise" subject to the FLSA in that its employees interact with and serve clients from other states, handle goods or instruments of interstate commerce, and handle goods or products that have moved in interstate commerce.

4.  Duong Nguyen is a tattoo artist and the owner of Way Of Ink.  He hired Hallie to work at his store, ostensibly as a tattoo apprentice.  He personally assigned and oversaw Hallie's work and is responsible for not paying her for it.

<u>Claim For Relief</u>

5.  Persons wanting to become tattoo professionals in Virginia must be licensed by the Virginia Board for Barbers and Cosmetology ("the Board").  To become licensed they must complete 1500 hours of apprenticeship education and practical training and then take a licensing examination.

6.  In July, 2016, Hallie asked defendant Duong Nguyen if he would accept her as an apprentice and be her apprenticeship supervisor, in aid of her preparation for the requisite licensing examination.

7.  Mr. Nguyen told Hallie that he could and would take her on as an apprentice, on the condition that she not be paid and instead receive appropriate apprenticeship training in the art of tattooing.  Reasonably relying on Mr. Nguyen's representations, understanding that his proposal was permissible and deeming that the apprenticeship made it worth her while, Hallie agreed to work without pay in exchange for learning the trade as an apprentice.

8.  Hallie's application to register as a tattoo apprentice was approved by the Board pursuant to her application based on Mr. Nguyen's representations.

9.  On information and belief, at no time in his dealings with Hallie did Mr. Nguyen intend to provide Hallie with appropriate apprenticeship training.  Rather, he intended to, and then did, assign her menial work of no professional consequence, in derogation of any apprenticeship supervisory obligations he would have had, had he been an approved apprentice supervisor at all.

10. Mr. Nguyen's purpose in making the referenced representations to Hallie was to induce her under false pretenses to work in his store without pay, for his personal benefit and that of his business, for as long as possible.

11. On or about July 2, 2016, Hallie began working on a full-time basis for Mr. Nguyen at Way Of Ink. She worked there until May 25, 2017, when she was fired for objecting to harassment and mistreatment at work.

12. During Hallie's eleven months at Way of Ink, she received virtually no training in the art of tattoo. Instead, she was tasked by Mr. Nguyen with performing administrative and menial tasks unrelated to the requirements for completing an apprenticeship. These tasks included receptionist duties (roughly 50% of her time), childcare duties for Mr. Nguyen's children (roughly 20% of her time), general daily janitorial duties (roughly 15% of her time). She also attended to meal order runs for other employees and miscellaneous administrative duties.

13. Mr. Nguyen gave Hallie a single task legitimately related to her training: cleaning needles used for tattooing. This consumed at most 5% of her time. This work was never supervised directly by Mr. Nguyen, and thus could not properly count toward fulfilling Hallie's apprenticeship requirements. It was typically supervised, if at all, by two tattoo artists working at Way Of Ink who were not licensed to train apprentices.

14. During the 47 weeks between July 2, 2016 and May 25, 2017, Hallie logged forty hours of work each week, for a total of 1880 hours of work. She was not paid for this work.

15. At all relevant times, Hallie was an employee of Way Of Ink's entitled to be paid at least the minimum wage of $7.25/hour. For her 1880 hours of work she was entitled to be paid at least $13,630.

16. At all times relevant to this action, Mr. Nguyen understood perfectly that he was required by law to pay the persons working for him. He also knew that if, and only if, persons working in his store were serving proper apprenticeships under approved supervision, they did not have to be paid. Knowing this, as set forth above he misrepresented his intentions to Hallie, temporized and made excuses during the months of her employment about why her actual apprenticeship had not begun and when it would begin, and in the end knowingly failed to pay her one penny notwithstanding her provision of a variety of useful full-time services to his business. His actions in this regard were knowing, malicious, deliberate and willful.

## Causes Of Action

### Count I: FLSA Violation

13. By their actions set forth above, the defendants violated Hallie's right under the FLSA, 29 U.S.C. § 201, *et seq.* to receive compensation for her work performed at Way Of Ink.

### Count II: Fraud In The Inducement

14. By his actions set forth above, Duong Nguyen fraudulently induced Hallie to work and to continue to work for him without compensation, with the intent of exploiting her labor at no cost to him notwithstanding that he could not and would not provide her with proper supervision as an apprentice. In reasonable reliance on his representations, promises and

excuses, for a period of eleven months Hallie worked for Mr. Nguyen and his business without compensation and without acquiring training and experience toward obtaining her license as a tattoo professional, all of which upset her greatly.

Wherefore, Hallie requests an order of this court granting her:

* Back pay at the minimum wage in the amount of no less than $13,630, plus retroactive interest,

* Liquidated damages in an amount equal to her back-pay pursuant to 29 U.S.C. § 216(b),

* Actual damages appropriate to the proof of her fraud claim at trial,

* Punitive damages appropriate to the proof of her fraud claim at trial,

* An award of her costs and attorneys fees under the FLSA, and

* Such other relief as is just.

Hallie requests trial by jury.

        Respectfully submitted,

        HALLIE BROOKS,
         By counsel

Dated: January 26, 2018

Counsel for Plaintiff:

//s// Victor M. Glasberg
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
vmg@robinhoodesq.com
BrooksHallie\Pleadings\Complaint

//s// Maxwelle C. Sokol
Maxwelle C. Sokol, #89589
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
msokol@robinhoodesq.com